# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

DENA ROOD,

                Plaintiff,      CIVIL NO.: _____

v.

                                **COMPLAINT**

STONELEIGH RECOVERY ASSOCIATES, LLC,
AND DAVE FOX,                      **JURY TRIAL DEMANDED**

                Defendants.

_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Dena Rood (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Stoneleigh Recovery Associates, LLC (hereinafter "Defendant Stoneleigh"), is a collection agency operating from an address of 1919 South Highland Avenue, Lombard, IL 60148 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Dave Fox (hereinafter "Defendant Doe") is a natural person employed by Defendant Stoneleigh as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to April 2010, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Stoneleigh for collection.

9. On April 12, 2010, Plaintiff received a telephone call from Defendant Doe at work in an attempt to collect a debt.

10. Plaintiff asked Defendant Doe not to be contacted by Defendant Stoneleigh or any of Defendant Stoneleigh's debt collectors at work anymore as Plaintiff's employer did not allow personal calls at work.

11. Defendant Doe stated, "I'll do whatever it needs to be done to get this resolved."

12. Defendant Doe was being very rude and disrespectful to Plaintiff; he even raised his voice to Plaintiff. Despite being advised several times by Plaintiff that it was not the right time to discuss about the alleged debt because she was working, Defendant Doe kept demanding payment of the alleged debt.

13. Defendant Doe further stated, "I'll keep calling you at work."

14. Despite knowing that Plaintiff asked Defendant Doe not to be contacted by Defendant Stoneleigh or any of Defendant Stoneleigh's debt collectors at work anymore, Defendant Doe kept contacting Plaintiff at her workplace and leaving messages in an attempt to collect the underlying debt.

15. Upon information and belief, within a year of the date of this complaint, Defendant Stoneleigh's debt collection agent left a message on Plaintiff's telephone, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated: "Dena Rood, this is Jerry Medina, please return the call to 630-282-5758, once again this is Jerry Medina, 630-282-5758."

16. Upon information and belief, within a year of the date of this complaint, Defendant Stoneleigh's debt collection agent left a message on Plaintiff's telephone, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated: "Dena Rood, this is Jerry Medina, please return the call to 630-282-5758, once again this is Jerry Medina, 630-282-5758."

17. Upon information and belief, within a year of the date of this complaint, Defendant Stoneleigh's debt collection agent left a message on Plaintiff's telephone, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated: "Dena Rood, this is Jerry Medina, please return the call to 630-282-5758, once again, Dena, 630-282-5758."

18. Upon information and belief, within a year of the date of this complaint, Defendant Stoneleigh's debt collection agent left a message on Plaintiff's telephone, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated: "Dena Rood, this is Jerry Medina, a time sensitive matter was placed to my office, we have been trying to reach since May 26, please contact my office today at 630-282-5758, this matter does require your immediate attention, the number once again Dena is 630-282-5758."

19. Upon information and belief, within a year of the date of this complaint, Defendant Stoneleigh's debt collection agent left a message on Plaintiff's telephone, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated: "Dena Rood, this is Jerry Medina, a time sensitive matter of yours has been placed to my office, please return the call today at 630-282-5758, this matter requires your immediate attention, 630-282-5758."

20. The conduct of Defendants in using any conduct the natural consequence of which is to harass, oppress, or abuse any person, contacting at place of employment when knows that the employer prohibits such communications, threatening to take any action that cannot legally be taken or that is not intended to be taken, using any false representation or deceptive means to collect a debt or obtain information about a consumer and failing to communicate that Defendants are debt collectors and attempting to collect a debt are a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(3), 1692d, 1692e, 1692e(5), 1692e(10), 1692e(11) and 1692f amongst others.

### Respondeat Superior Liability

21. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant Stoneleigh who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Stoneleigh.

22. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Stoneleigh in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant Stoneleigh.

24. Defendant Stoneleigh is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

25. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

26. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

27. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

32. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

33. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

34. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

MARTINEAU, GONKO & VAVRECK, PLLC

Dated: October 19, 2010

  s/ Mark L. Vavreck                 .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220